# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2451

_____

United States of America,                      *
                                                 *

            Appellee,             *    Appeal from the United States
                                                   *    District Court for the
       v.                           *    Western District of Missouri.
                                                   *

James Leonard Vogt,               *         [UNPUBLISHED]
                                                 *

           Appellant.           *

_____

Submitted: February 13, 2012
Filed: February 21, 2012

_____

Before LOKEN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

James Vogt appeals from the sentence imposed by the District Court[1] after Vogt pleaded guilty, without a plea agreement, to conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and unlawful possession of false identification to facilitate a drug-trafficking crime. We affirm.

_____

[1]The Honorable Gary A. Fenner, United States Distict Judge for the Western District of Missouri.

Vogt's Presentence Investigation Report recommended an advisory sentencing range of 262–327 months' imprisonment under the U.S. Sentencing Guidelines. Vogt asked for a sentence of 120 months, seeking a downward variance based on his cooperation with authorities. The District Court explained that it could not grant a departure for substantial assistance under § 5K1.1 of the U.S. Sentencing Guidelines Manual without a motion from the government, which motion the government declined to make. And the court was not persuaded by the evidence presented at the sentencing hearing to vary downward of its own accord. Vogt received concurrent sentences of 262 months on two of the counts and 240 months on the third. On appeal, he argues that his sentence is substantively unreasonable because the District Court did not sufficiently consider the § 3553(a) factors, specifically the assistance he provided to authorities, including the fact that while he was in a pretrial holding facility, he was assaulted by a drug supplier about whom he had provided information. Vogt does not allege procedural error in his sentence, so we consider only the substantive reasonableness of his sentence, applying an abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007).

It is clear from the sentencing transcript that the District Court considered the § 3553(a) factors, noting in particular Vogt's extensive criminal history and referencing the other sentencing factors. See, e.g., Sent. Tr. at 58–59. At the hearing, the court directly addressed Vogt's request for a variance based on his cooperation with authorities and denied it, concluding, "I don't believe that the evidence presented here today is compelling to the extent that I feel that you are entitled to a variance." Id. at 59. Moreover, because the sentence is within the Guidelines range, we may presume it to be reasonable. See Gall, 552 U.S. at 51. We cannot say that the District Court abused its discretion in sentencing Vogt as it did.

We affirm the sentence imposed by the District Court.

_____